UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRAHIM FOURARI,**

        **Plaintiff,**                          Case No.:

**v.**

**BILL CURRIE FORD, INC,**

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, BRAHIM FOURARI, by and through his undersigned counsel and sues the Defendant, BILL CURRIE FORD (hereinafter referred to as "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant is a Florida Profit Corporation authorized and doing business in this Judicial District. Defendant employed Plaintiff, BRAHIM FOURARI. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as

defined by Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act and 42 U.S.C. §1981.

4. Plaintiff, BRAHIM FOURARI, is a resident of Pasco County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act and 42 U.S.C. §1981.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, BRAHIM FOURARI, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on May 29, 2019.

10. On December 20, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has meet all conditions precedent to filing this Complaint.

11. Jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff, BRAHIM FOURARI, is a Muslim of Moroccan descent and considered a member of the Arab race.

13. On or about May 7, 2018, Plaintiff began his employment with Defendant as a Finance Manager.

14. During Plaintiff's employment, Plaintiff was a solid producer and was never disciplined.

15. On or about June 10, 2018, Plaintiff was summarily terminated from his employment with Defendant.

16. The only reason that was provided by the General Sales Manager, Bob Morrow, was that Plaintiff was "not a good fit."

17. Shortly before Plaintiff's termination, in May 2018, there was an employee who placed his bookbag in Plaintiff's office and Morrow stated: "Oh my God, don't put your bag in there, he's Arabic!"

18. Immediately following Plaintiff's termination, Plaintiff was replaced by an individual outside of Plaintiff's protected classes.

19. In addition to terminating Plaintiff's employment, Defendant refused to pay Plaintiff for the commissions that Plaintiff earned during the final 10 days of his employment.

## COUNT I
## 42 U.S.C. §1981 DISCRIMINATION

20. Plaintiff, BRAHIM FOURARI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

21. Plaintiff is a Muslim of Moroccan decent and considered as a member of the Arab race.

22. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race—including, but not limited to his ancestry and ethnic characteristics—by terminating Plaintiff and refusing to pay earned commissions in violation of 42 U.S.C. §1981 for which Defendant is liable.

23. Defendant's adverse employment acts toward Plaintiff (termination and refusal to pay earned commissions) was motivated by race-based considerations.

24. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

25. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

26. Defendant knew or should have known of the discrimination.

27. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering,

e.   Punitive damages;

f.   Attorneys' fees and costs;

g.   Injunctive relief;

h.   For any other relief this Court deems just and equitable.

## COUNT II
## TITLE VII – RACE DISCRIMINATION

28.   Plaintiff, BRAHIM FOURARI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

29.   Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII")

30.   By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of race in violation of Title VII.

31.   Defendant's adverse employment acts toward Plaintiff (termination and refusal to pay earned commissions) was motivated by race-based considerations.

32.   Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

33.   Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

34.   As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.   Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering,

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief;

h. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – RACE DISCRIMINATION

35. Plaintiff, BRAHIM FOURARI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

36. Plaintiff is a member of a protected class under Florida Civil Rights Act.

37. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

38. Defendant's adverse employment acts toward Plaintiff (termination and refusal to pay earned commissions) was motivated by race-based considerations.

39. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

40. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

41. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering,

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief;

h. For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII – NATIONAL ORIGIN DISCRIMINATION

42. Plaintiff, BRAHIM FOURARI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

43. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII")

44. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of national origin, Moroccan, by terminating Plaintiff and refusing to pay earned commissions.

45. Defendant's adverse employment acts toward Plaintiff was motivated by national origin-based considerations.

46. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

47. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

48. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering,

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT – NATIONAL ORIGIN DISCRIMINATION

49. Plaintiff, BRAHIM FOURARI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

50. Plaintiff is a member of a protected class under Florida Civil Rights Act.

51. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his national origin, Moroccan, by terminating Plaintiff and refusing to pay earned commissions in violation of the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

.

52. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

53. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

54. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering,

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT VI
## TITLE VII – RELIGIOUS DISCRIMINATION

55. Plaintiff, BRAHIM FOURARI, realleges and incorporates paragraphs one (1) through nineteen (19) as though set forth fully herein.

56. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII")

57. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his religion, Muslim, by terminating Plaintiff's employment and refusing to pay Plaintiff's earned commissions.

58. Defendant's adverse employment acts toward Plaintiff was motivated by religious-based considerations.

59. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

60. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

61. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering,

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT – RELIGIOUS DISCRIMINATION

62. Plaintiff, BRAHIM FOURARI, realleges and incorporates paragraphs one (1) through nineteen (19) as though set forth fully herein.

63. Plaintiff is a member of a protected class under Florida Civil Rights Act.

64. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his religion, Muslim, by terminating Plaintiff's employment and refusing to pay Plaintiff's earned commissions in violation of the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

65. Defendant's termination of Plaintiff's employment was motivated by religious-based considerations.

66. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

67. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

68. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering,

    e. Punitive damages;

    f. Attorneys' fees and costs;

  g. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## COUNT VIII
## BREACH OF CONTRACT- UNPAID COMMISSIONS

69. Plaintiff, BRAHIM FOURARI, realleges and incorporates paragraphs one (1) through nineteen (19) as though set forth fully herein.

70. Plaintiff was employed with Defendant from approximately May 7, 2018, to June 10, 2018, as a Finance Manager. Defendant agreed to pay Plaintiff for commissions earned.

71. Plaintiff is entitled to his commission earned during the final 10 days of his employment, which are owed and payable by Defendant.

72. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by the parties' agreement.

73. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida Statute §448.08.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant and for damages as follows:

  a. Payment of earned unpaid wages;

  b. Pre-judgment interest;

  c. Post-judgment interest;

  d. Attorney's fees and costs; and

  e. For such other relief as the Court deems equitable

## DEMAND FOR JURY TRIAL

74. Plaintiff, BRAHIM FOURARI, demands a trial by jury on all issues so triable.

**DATED** this 19th day of March 2020.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/ Gregory A. Owens*
        **GREGORY A. OWENS, ESQUIRE**
        Florida Bar No.: 51366
        greg@fgbolaw.com
        **CHRISTOPHER D. GRAY, ESQUIRE**
        Florida Bar No.: 902004
        chris@fgbolaw.com
        16524 Pointe Village Drive
        Suite 100
        Lutz, Florida 33558
        (727) 254-5255
        (727) 483-7942 (fax)
        *Trial Attorneys for Plaintiff*